FRANCIS J. GIAMBALVO
FGIAMBALVO@GRSM.COM



ATTORNEYS AT LAW
1 BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NY 10004
WWW.GRSM.COM

December 17, 2021

**VIA ECF**

Honorable Margo K. Brodie, U.S.D.J.
United States District Court for the Eastern District of New York
225 Cadman Plaza East, Courtroom 6F
Brooklyn, NY 11201

    Re:   *Negron, et al. v. John Doe Corp. I (d/b/a Wingstop Bushwick), et al*
            Civil Action No. 21-cv-04435 (MKB) (JRC)

Dear Judge Brodie:

    This firm has just recently been retained to represent defendants, John Doe Corp. I (d/b/a Wingstop Bushwick), John Doe Corp. II (d/b/a Wingstop Harlem), John Doe Corp. II (d/b/a Wingstop Fulton Street) John Doe Corp. IV (d/b/a Wingstop Williamsburg), John Doe Corp. V(d/b/a Wingstop Flatbush), DJ "Doe", Mariam "Doe" and Daniella "Doe" (collectively, "Wingstop Defendants") in connection with the above-referenced matter. On behalf of the Wingstop Defendants, we write, with the consent of Plaintiff's counsel, to respectfully request that the Court vacate or strike Plaintiff's request for a default. Defendants further respectfully request a forty-five (45) day enlargement of time, until February 2, 2021, to respond to the Complaint. No prior requests for an extension of time have been made and Plaintiff's counsel has provided consent for vacating or striking the request for the entry of default and for an extension of time to respond to the Complaint.

    The Second Circuit "has expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by default." *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995) (collecting cases). Moreover, "because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

    There has been no prejudice to Plaintiff as a result of the Wingstop Defendants delay in responding to the Complaint. Courts have repeatedly held that delay alone is not a sufficient basis for establishing prejudice. *Davis v. Musler*, 713 F.2d 907, 916 (2d. Cir. 1983). Moreover, the delay has also been *de minimis*, discovery in this action has not yet commenced, and there has been no change in the manner in which this case would proceed on the merits. Plaintiff would also not

December 17, 2021
Page 2

be prejudiced in any way should this action be allowed to proceed on the merits. On the other hand, the Wingstop Defendants would be severely prejudiced if not given the opportunity to respond to the Complaint on the merits. Accordingly, Plaintiff's request for a default should be vacated and stricken, a request for which Plaintiff consents.

Additionally, in order to respond to the Complaint on behalf of the Wingstop Defendants, which must be grounded in knowledge, information and belief formed after reasonable inquiry, as required by Rule 11 of the Federal Rules of Civil Procedure, we must identify, locate and interview those persons with knowledge of the allegations set forth in the Complaint. In addition, we must identify, locate and review any documents relevant to Plaintiff's claims. An extension of time will provide us with sufficient time to investigate Plaintiff's allegations and to review documents that might be relevant to this action so that Wingstop Defendants can formulate an appropriate response to the Complaint. The forty-five (45) day extension is particularly necessary to accommodate the upcoming holidays, for which the undersigned has a previously planned vacation from December 23, 2021 through January 3, 2022.

As stated above, I have conferred with Plaintiff's counsel and he has consented to and agreed with the requested relief in the Wingstop Defendants' application. This is the Wingstop Defendants first request to vacate the entry of default and for an extension of time to respond to the Complaint in this matter and, based on the foregoing, the Wingstop Defendants respectfully request an extension of time, until February 2, 2022 to respond to the Complaint.

Thank you for your consideration of this request.

Respectfully submitted,

/s/ FRANCIS J. GIAMBALVO

Francis J. Giambalvo, Esq.

cc: All Counsel of Record (via ECF)