UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ELVIS NEGRON, *on behalf of himself and others
similarly situated in the proposed FLSA Collective
Action*,

                                        Plaintiff,

                   - against -

JOHN DOE CORP. I (d/b/a WINGSTOP
BUSHWICK), JOHN DOE CORP. II (d/b/a
WINGSTOP HARLEM), JOHN DOE CORP. III (d/b/a
WINGSTOP FULTON ST.), JOHN DOE CORP. IV
(d/b/a WINGSTOP WILLIAMSBURG), JOHN DOE
CORP. V (d/b/a WINGSTOP FLATBUSH),JOHN
DOE CORP. VI (d/b/a FUEL JUICE BUSHWICK),
JOHN DOE CORP. VII (d/b/a FUEL JUICE
WILLIAMSBURG), DJ "DOE", MARIAM "DOE",
and "DANIELLA" DOE",

                                  Defendants.
-----------------------------------------------------------------X

Civil Action No. 1:21-cv-04435

**ANSWER TO COMPLAINT
AND AFFIRMATIVE
DEFENSES**

       Defendants Diallo Funds, LLC s/h/a John Doe Corp. I ("Diallo Funds"), Diallo Group,

LLC s/h/a John Doe Corp. II ("Diallo Group"), Diallo Enterprises, LLC s/h/a John Doe Corp. III

("Diallo Enterprises"), Diallo Restaurants Williamsburg, LLC s/h/a John Doe Corp. IV ("Diallo

Williamsburg"), Diallo Organization, LLC s/h/a John Doe Corp. V ("Diallo Organization"),

Djoumey Diallo s/h/a DJ "Doe" ("D. Diallo"), Mariame Diallo s/h/a Mariam "Doe" ("M. Diallo"),

and Daniella Amodio s/h/a "Daniella" "Doe" ("Amodio") (collectively, the "Answering

Defendants"), by and through their attorneys, Gordon Rees Scully Mansukhani LLP, as and for

their Answer to the Complaint filed by Plaintiff, Elvis Negron, on behalf of himself and others

similarly situated ("Negron" or "Plaintiff") respectfully allege as follows:

## ANSWERING "NATURE OF THE ACTION"

1.      Answering Defendants deny the allegations set forth in paragraph "1" of the Complaint, except admit that Plaintiff purports to bring claims pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA"), the New York State Labor Law, N.Y. Labor Law §§ 190, et seq. and 650 et seq. (the "NYLL") and their supporting New York State Department of Labor regulations.

2.      Answering Defendants deny the allegations set forth in paragraph "2" of the Complaint, except admit that Plaintiff seeks injunctive and declaratory relief pursuant to the FLSA, NYLL and the NYLL's Wage Theft Prevention Act ("WTPA").

## ANSWERING "JURISDICTION AND VENUE"

3.      Answering Defendants deny the allegations set forth in paragraph "3" of the Complaint, except admit that Plaintiff purports to set forth the basis for this Court's subject matter jurisdiction as set forth therein.

4.      Answering Defendants deny the allegations set forth in paragraph "4" of the Complaint, except admit that Plaintiff purports to state the basis for federal question jurisdiction in this Court as set forth therein.

5.      Answering Defendants deny the allegations set forth in paragraph "5" of the Complaint, except admit that Plaintiff purports to state the basis for venue in this Court as set forth therein.

## ANSWERING "THE PARTIES"

*Plaintiff Elvis Negron*

6.      Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "6" of the Complaint.

7.      Answering Defendants deny the allegations set forth in paragraph "7" of the Complaint.

8.      Answering Defendants deny the allegations set forth in paragraph "8" of the Complaint.

9.      The allegations set forth in paragraph "9" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "9" of the Complaint.

10.      The allegations set forth in paragraph "10" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "10" of the Complaint.

*Defendant John Doe Corp. I (d/b/a Wingstop Bushwick)*

11.      Answering Defendants deny the allegations set forth in paragraph "11" of the Complaint.

12.      Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "12" of the Complaint and further aver that Plaintiff purports to proceed as set forth therein.

13.      The allegations set forth in paragraph "13" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "13" of the Complaint.

14.     The allegations set forth in paragraph "14" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "14" of the Complaint.

15.     The allegations set forth in paragraph "15" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "15" of the Complaint.

*Defendant John Doe Corp. II (d/b/a Wingstop Harlem)*

16.     Answering Defendants deny the allegations set forth in paragraph "16" of the Complaint.

17.     Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "17" of the Complaint and further aver that Plaintiff purports to proceed as set forth therein.

18.     The allegations set forth in paragraph "18" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "18" of the Complaint.

19.     The allegations set forth in paragraph "19" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "19" of the Complaint.

20.     The allegations set forth in paragraph "20" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "20" of the Complaint.

*Defendant John Doe Corp. III (d/b/a Wingstop Fulton St.)*

21.     Answering Defendants deny the allegations set forth in paragraph "21" of the Complaint.

22.     Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "22" of the Complaint and further aver that Plaintiff purports to proceed as set forth therein.

23.     The allegations set forth in paragraph "23" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "23" of the Complaint.

24.     The allegations set forth in paragraph "24" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "24" of the Complaint.

25.     The allegations set forth in paragraph "25" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "25" of the Complaint.

*Defendant John Doe Corp. IV (d/b/a Wingstop Williamsburg)*

26.     Answering Defendants deny the allegations set forth in paragraph "26" of the Complaint.

27.     Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "27" of the Complaint and further aver that Plaintiff purports to proceed as set forth therein.

28.     The allegations set forth in paragraph "28" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "28" of the Complaint.

29.     The allegations set forth in paragraph "29" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "29" of the Complaint.

30.     The allegations set forth in paragraph "30" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "30" of the Complaint.

*Defendant John Doe Corp. V (d/b/a Wingstop Flatbush)*

31.     Answering Defendants deny the allegations set forth in paragraph "31" of the Complaint.

32.     Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "32" of the Complaint and further aver that Plaintiff purports to proceed as set forth therein.

33.     The allegations set forth in paragraph "33" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "33" of the Complaint.

34.     The allegations set forth in paragraph "34" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "34" of the Complaint.

35.     The allegations set forth in paragraph "35" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "35" of the Complaint.

*Defendant John Doe Corp. VI (d/b/a Fuel Juice Bushwick)*

36.     Answering Defendants deny the allegations set forth in paragraph "36" of the Complaint.

37.     Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "37" of the Complaint.

38.     Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "38" of the Complaint.

39.     Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "39" of the Complaint.

40.     Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "40" of the Complaint.

*Defendant John Doe Corp. VII (d/b/a Fuel Juice Willaimsburg [sic])*

41.     Answering Defendants deny the allegations set forth in paragraph "41" of the Complaint.

42.     Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "42" of the Complaint.

43.     Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "43" of the Complaint.

44.     Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "44" of the Complaint.

45.     Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "45" of the Complaint.

*Defendant DJ "Doe"*

46.     Answering Defendants admits the allegations set forth in paragraph "46" of the Complaint.

47.     Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "47" of the Complaint.

48.     The allegations set forth in paragraph "48" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law

to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "48" of the Complaint.

49.     The allegations set forth in paragraph "49" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "49" of the Complaint.

50.     The allegations set forth in paragraph "50" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "50" of the Complaint.

51.     The allegations set forth in paragraph "51" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "51" of the Complaint.

*Defendant Miriam [sic] "Doe"*

52.     Answering Defendants admit the allegations set forth in paragraph "52" of the Complaint.

53.     Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "53" of the Complaint.

54.     The allegations set forth in paragraph "54" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "54" of the Complaint.

55.     The allegations set forth in paragraph "55" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "55" of the Complaint.

56.     The allegations set forth in paragraph "56" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "56" of the Complaint.

57.     The allegations set forth in paragraph "57" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "57" of the Complaint.

*Defendant Daniella "Doe"*

58.     Answering Defendants admit the allegations set forth in paragraph "58" of the Complaint.

59.     Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "59" of the Complaint.

60.     The allegations set forth in paragraph "60" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "60" of the Complaint.

61.     The allegations set forth in paragraph "61" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law

to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "61" of the Complaint.

62.    The allegations set forth in paragraph "62" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "62" of the Complaint.

63.    The allegations set forth in paragraph "63" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "63" of the Complaint.

*Defendants Constitute Joint Employers*

64.    The allegations set forth in paragraph "64" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "64" of the Complaint.

65.    The allegations set forth in paragraph "65" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "65" of the Complaint.

66.    The allegations set forth in paragraph "66" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "66" of the Complaint.

67.     The allegations set forth in paragraph "67" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "67" of the Complaint.

68.     The allegations set forth in paragraph "68" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "68" of the Complaint.

69.     The allegations set forth in paragraph "69" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "69" of the Complaint.

70.     The allegations set forth in paragraph "70(a-h)" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "70(a-h)" of the Complaint.

71.     The allegations set forth in paragraph "71" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "71" of the Complaint.

72.     The allegations set forth in paragraph "72" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law

to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "72" of the Complaint.

<u>**ANSWERING "FACTUAL ALLEGATIONS"**</u>

73.     Answering Defendants deny the allegations set forth in paragraph "73" of the Complaint.

74.     Answering Defendants deny the allegations set forth in paragraph "74" of the Complaint.

75.     Answering Defendants deny the allegations set forth in paragraph "75 of the Complaint.

76.     Answering Defendants deny the allegations set forth in paragraph "76" of the Complaint.

77.     Answering Defendants deny the allegations set forth in paragraph "77" of the Complaint.

78.     Answering Defendants deny the allegations set forth in paragraph "78" of the Complaint.

79.     Answering Defendants deny the allegations set forth in paragraph "79" of the Complaint.

80.     Answering Defendants deny the allegations set forth in paragraph "80" of the Complaint.

81.     Answering Defendants deny the allegations set forth in paragraph "81" of the Complaint.

82.     Answering Defendants deny the allegations set forth in paragraph "82" of the Complaint.

83.     Answering Defendants deny the allegations set forth in paragraph "83" of the Complaint.

84.     Answering Defendants deny the allegations set forth in paragraph "84" of the Complaint.

85.     Answering Defendants deny the allegations set forth in paragraph "85" of the Complaint.

86.     Answering Defendants deny the allegations set forth in paragraph "86" of the Complaint.

87.     Answering Defendants deny the allegations set forth in paragraph "87" of the Complaint.

88.     Answering Defendants deny the allegations set forth in paragraph "88" of the Complaint.

89.     Answering Defendants deny the allegations set forth in paragraph "89" of the Complaint.

90.     Answering Defendants deny the allegations set forth in paragraph "90" of the Complaint.

91.     Answering Defendants deny the allegations set forth in paragraph "91" of the Complaint.

92.     Answering Defendants deny the allegations set forth in paragraph "92" of the Complaint.

93.     Answering Defendants deny the allegations set forth in paragraph "93" of the Complaint.

94.     Answering Defendants deny the allegations set forth in paragraph "94" of the Complaint.

95.     Answering Defendants deny the allegations set forth in paragraph "95" of the Complaint.

### ANSWERING "FLSA COLLECTIVE ACTION ALLEGATIONS"

96.     Answering Defendants deny the allegations set forth in paragraph "96" of the Complaint, except admit that Plaintiff purports to bring the First, Second, Third, Fourth, and Fifth Claims for Relief as a collective action pursuant to the FLSA.

97.     The allegations set forth in paragraph "97" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "97" of the Complaint.

98.     The allegations set forth in paragraph "98" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "98" of the Complaint.

99.     To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "99" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

### ANSWERING "FIRST CLAIM"
**(FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201, *et seq*.)**

100.    In response to paragraph "100" of the Complaint, Answering Defendants repeat and reaffirm each and every response made in paragraphs "1" through "99" as if fully set forth herein.

101.    The allegations set forth in paragraph "101" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "101" of the Complaint.

102.    The allegations set forth in paragraph "102" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "102" of the Complaint.

103.    The allegations set forth in paragraph "103" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "103" of the Complaint.

## ANSWERING "SECOND CLAIM"
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. § 201, *et seq.*)

104.    In response to paragraph "104" of the Complaint, Answering Defendants repeat and reaffirm each and every response made in paragraphs "1" through "103" as if fully set forth herein.

105.    The allegations set forth in paragraph "105" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "105" of the Complaint.

106.    The allegations set forth in paragraph "106" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "106" of the Complaint.

107.     The allegations set forth in paragraph "107" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "107" of the Complaint.

108.     The allegations set forth in paragraph "108" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "108" of the Complaint.

109.     The allegations set forth in paragraph "109" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "109" of the Complaint.

## ANSWERING "THIRD CLAIM"
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650, *et seq*.)

110.     In response to paragraph "110" of the Complaint, Answering Defendants repeat and reaffirm each and every response made in paragraphs "1" through "109" as if fully set forth herein.

111.     The allegations set forth in paragraph "111" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "111" of the Complaint.

112.     The allegations set forth in paragraph "112" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "112" of the Complaint.

113.    The allegations set forth in paragraph "113" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "113" of the Complaint.

### ANSWERING "FOURTH CLAIM"
### (NYLL – Unpaid Overtime Wages)

114.    In response to paragraph "114" of the Complaint, Answering Defendants repeat and reaffirm each and every response made in paragraphs "1" through "113" as if fully set forth herein.

115.    The allegations set forth in paragraph "115" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "115" of the Complaint.

116.    The allegations set forth in paragraph "116" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "116" of the Complaint.

117.    The allegations set forth in paragraph "117" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "117" of the Complaint.

118.    The allegations set forth in paragraph "118" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "118" of the Complaint.

119.    The allegations set forth in paragraph "119" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "119" of the Complaint.

## ANSWERING "FIFTH CLAIM"
### (NYLL – Spread-of-Hours Pay)

120.    In response to paragraph "120" of the Complaint, Answering Defendants repeat and reaffirm each and every response made in paragraphs "1" through "119" as if fully set forth herein.

121.    The allegations set forth in paragraph "121" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "121" of the Complaint.

122.    The allegations set forth in paragraph "122" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "122" of the Complaint.

123.    The allegations set forth in paragraph "123" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "123" of the Complaint.

## ANSWERING "SIXTH CLAIM"
### (NYLL WTPA – Failure to Provide Wage Notices)

124.    In response to paragraph "124" of the Complaint, Answering Defendants repeat and reaffirm each and every response made in paragraphs "1" through "123" as if fully set forth herein.

125.    The allegations set forth in paragraph "125" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "125" of the Complaint.

126.    The allegations set forth in paragraph "126" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "126" of the Complaint.

127.    The allegations set forth in paragraph "127" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "127" of the Complaint.

**ANSWERING "SEVENTH CLAIM"**
**(Violation of the Wage Statement Provisions of the NYLL)**

128.    In response to paragraph "128" of the Complaint, Answering Defendants repeat and reaffirm each and every response made in paragraphs "1" through "127" as if fully set forth herein.

129.    The allegations set forth in paragraph "129" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "129" of the Complaint.

130.    The allegations set forth in paragraph "130" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "130" of the Complaint.

## ANSWERING "EIGHTH CLAIM"
### (Failure to Pay Timely Wages)

131.    In response to paragraph "131" of the Complaint, Answering Defendants repeat and reaffirm each and every response made in paragraphs "1" through "130" as if fully set forth herein.

132.    The allegations set forth in paragraph "132" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "132" of the Complaint.

133.    The allegations set forth in paragraph "133" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "133" of the Complaint.

134.    The allegations set forth in paragraph "134" of the Complaint state a legal conclusion for which no response is required, and Answering Defendants respectfully refer all matters of law to the Court. To the extent a response is required, Answering Defendants deny the allegations set forth in paragraph "134" of the Complaint.

## ANSWERING "PRAYER FOR RELIEF"

The paragraphs immediately following paragraph "134" of the Complaint state requests for relief to which no responsive pleading is required.  To the extent a response is required, Answering Defendants deny that Plaintiff is entitled to any relief whatsoever.

## DEFENSES

135.    Answering Defendants assert the following defenses and affirmative defenses, as the latter are defined in Rule 8(c) of the Federal Rules of Civil Procedure, without assuming any burden of proof Answering Defendants do not have as a matter of law.

## AS AND FOR A FIRST DEFENSE

136.    The Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## AS AND FOR A SECOND DEFENSE

137.    Some or all of Plaintiff's claims or causes of action are barred by the applicable statute of limitations and/or governing administrative time limitations.  This defense also may apply to the claims of some or all of the purported class of allegedly similarly-situated persons.

## AS AND FOR A THIRD DEFENSE

138.    Plaintiff is not entitled to some or all of the relief sought in the Complaint.  This defense also may apply to the claims of some or all of the purported class of allegedly similarly-situated persons.

## AS AND FOR A FOURTH DEFENSE

139.    Plaintiff's claims are barred by the doctrine of laches. This defense also may apply to the claims of some or all of the purported class of allegedly similarly-situated persons.

## AS AND FOR A FIFTH DEFENSE

140.    Plaintiff's claims are barred by the doctrine of unclean hands. This defense also may apply to the claims of some or all of the purported class of allegedly similarly-situated persons.

## AS AND FOR A SIXTH DEFENSE

141.    Plaintiff's claims are barred by the doctrine of estoppel (including judicial estoppel).

**AS AND FOR A SEVENTH DEFENSE**

142.     Plaintiff's claims are barred by the doctrine of *res judicata*. This defense also may apply to the claims of some or all of the purported class of allegedly similarly-situated persons.

**AS AND FOR AN EIGHTH DEFENSE**

143.     Plaintiff's claims are barred by the doctrine of accord and satisfaction. This defense also may apply to the claims of some or all of the purported class of allegedly similarly-situated persons.

**AS AND FOR A NINTH DEFENSE**

144.     Plaintiff's claims are barred by the doctrine of payment and release. This defense also may apply to the claims of some or all of the purported class of allegedly similarly-situated persons.

**AS AND FOR A TENTH DEFENSE**

145.     Plaintiff's claims are barred by the doctrine of consent. This defense also may apply to the claims of some or all of the purported class of allegedly similarly-situated persons.

**AS AND FOR AN ELEVENTH DEFENSE**

146.     Plaintiff's claims are barred by the doctrine of waiver.

**AS AND FOR A TWELFTH DEFENSE**

147.     To the extent Plaintiff is found to be an employee under the FLSA or NYLL, which is expressly denied, Plaintiff is not entitled to any relief under the FLSA or the NYLL because he was fully and justly compensated for all of the time that he was suffered or permitted to work. This defense also may apply to the claims of some or all of the purported class of allegedly similarly-situated persons.

## AS AND FOR A THIRTEENTH DEFENSE

148.    To the extent Plaintiff is found to be an employee under the FLSA or NYLL, which is expressly denied, Plaintiff's claims are barred or limited, in whole or in part, by Answering Defendants' good faith efforts to comply with all applicable laws, rules, agreements, and regulations.  This defense also may apply to the claims of some or all of the purported class of allegedly similarly-situated persons.

## AS AND FOR A FOURTEENTH DEFENSE

149.    To the extent Plaintiff is found to be an employee under the FLSA or NYLL, which is expressly denied, in accordance with the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, Answering Defendants relied in good faith on a written administrative regulation, order, ruling, approval, opinion letter, guidance, or interpretation issued by the Administrator of the Wage and Hour Division of the United States Department of Labor and/or the New York State Department of Labor and/or any of their respective divisions, offices, departments and/or units. This defense also may apply to the claims of some or all of the purported class of allegedly similarly-situated persons.

## AS AND FOR AN FIFTEENTH DEFENSE

150.    This case may not be maintained as a collective action because Plaintiff is not similarly situated to other individuals he purports or otherwise seeks to represent.

## AS AND FOR A SIXTEENTH DEFENSE

151.    This action may not be maintained as a collective action because Plaintiff is not an adequate representative for the putative collective action and, as such, the Court should not authorize notice to be issued or a collective action to be maintained under the FLSA.

## AS AND FOR A SEVENTEENTH DEFENSE

152.     This case is not appropriate for collective action treatment because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiff and those to whom he alleges he is similarly situated.  This defense also may apply to the claims of some or all of the purported class of allegedly similarly-situated persons.

## AS AND FOR AN EIGHTEENTH DEFENSE

153.     To the extent Plaintiff is found to be an employee under the FLSA or NYLL, which is expressly denied, some or all of the claims in the Complaint may be subject to the *de minimis* rule, 29 C.F.R. § 785.47, because they involve insignificant amounts of overtime.  This defense also may apply to the claims of some or all of the purported class of allegedly similarly-situated persons.

## AS AND FOR A NINETEENTH DEFENSE

154.     Plaintiff is precluded from obtaining injunctive relief, either in whole or in part, because Plaintiff has not and cannot allege or prove that irreparable harm will result if injunctive relief is denied.  This defense also may apply to the claims of some or all of the purported class of allegedly similarly-situated persons.

## AS AND FOR A TWENTIETH DEFENSE

155.     Plaintiff is precluded from recovering attorneys' fees, liquidated damages, and any other form of supplemental damages from Answering Defendants under applicable provisions of law for some or all of their claims or causes of action.  This defense also may apply to the claims of some or all of the purported class of allegedly similarly-situated persons.

## AS AND FOR A TWENTY-FIRST DEFENSE

156.     Plaintiff cannot prove any uniform policy or practice in violation of the FLSA.  This defense also may apply to the claims of some or all of the purported class of allegedly similarly-situated persons.

## AS AND FOR A TWENTY-SECOND DEFENSE

157.     To the extent Plaintiff is found to be an employee under the FLSA or NYLL, which is expressly denied, if Plaintiff suffered any damages as a result of the matters alleged in the Complaint, such damages were caused in whole or in part by Plaintiff's own culpable conduct, including, without limitation, Plaintiff's failure to inform any of the Answering Defendants of all time worked or complain to the Answering Defendants about any purported violations of applicable wage and hour laws, whether due to allegedly unpaid overtime wages or otherwise. Any judgment recovered by Plaintiff must be reduced in proportion to the extent that his culpable conduct contributed to the alleged damages. This defense also may apply to the claims of some or all of the purported class of allegedly similarly-situated persons.

## AS AND FOR A TWENTY-THIRD DEFENSE

158.     Supplemental or pendant jurisdiction should not be exercised over any of the claims alleged in the Complaint.

## AS AND FOR A TWENTY-FOURTH DEFENSE

159.     To the extent Plaintiff is found to be an employee under the FLSA or NYLL, which is expressly denied, Plaintiff's claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities which were preliminary or post-liminary to their principal activities.  This defense also

may apply to the claims of some or all of the purported class of allegedly similarly-situated persons.

**AS AND FOR A TWENTY-FIFTH DEFENSE**

160.     To the extent Plaintiff is found to be an employee under the FLSA or NYLL, which is expressly denied, Answering Defendants acted in good faith and without willfulness in believing that it was, at all times, complying with all applicable provisions of the FLSA and NYLL, and Answering Defendants assert a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiff for liquidated damages and a three-year limitations period. This defense also may apply to the claims of some or all of the purported class of allegedly similarly-situated persons.

**AS AND FOR A TWENTY-SIXTH DEFENSE**

161.     To the extent Plaintiff is found to be an employee under the FLSA or NYLL, which is expressly denied, even if Plaintiff prevails, his claims for liquidated damages and interest are barred to the extent that these forms of relief are duplicative of each other.  This defense also may apply to the claims of some or all of the purported class of allegedly similarly-situated persons.

**AS AND FOR A TWENTY-SEVENTH DEFENSE**

162.     To the extent Plaintiff is found to be an employee under the FLSA or NYLL, which is expressly denied, any acts or omissions giving rise to this action were done in good faith and with reasonable grounds to believe that the actions or omissions were not a violation of the provisions of the FLSA and/or NYLL. Accordingly, to the extent Plaintiff is found to be an employee under the FLSA or NYLL, which is expressly denied, Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260.  This

defense also may apply to the claims of some or all of the purported class of allegedly similarly-situated persons.

## AS AND FOR A TWENTY-EIGHTH DEFENSE

163.    To the extent Plaintiff is found to be an employee under the FLSA or NYLL, which is expressly denied, Answering Defendants have not willfully failed to pay Plaintiff any wages and/or monies claimed due, and there is a bona fide, good faith dispute with respect to the Answering Defendants' obligation to pay any sum that may be alleged to be due to Plaintiff.  This defense also may apply to the claims of some or all of the purported class of allegedly similarly-situated persons.

## AS AND FOR A TWENTY-NINTH DEFENSE

164.    Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by the Answering Defendants.

## AS AND FOR A THIRTIETH DEFENSE

165.    To the extent Plaintiff is found to be an employee under the FLSA or NYLL, which is expressly denied, if Plaintiff is entitled to recover additional compensation, which Answering Defendants expressly deny, Answering Defendants have not willfully or intentionally failed to pay such additional compensation, and as such, liquidated damages should not be awarded. Moreover, only a two-year statute of limitations should apply under the FLSA.

## AS AND FOR A THIRTY-FIRST DEFENSE

166.    Some or all of Plaintiff's injuries are or may be due, in whole or in part, to the actions of third parties over whom Answering Defendants had no control and/or whose actions cannot be imputed to Answering Defendants as a matter of law. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## AS AND FOR A THIRTY-SECOND DEFENSE

167.    Plaintiff's claims are barred to the extent that none of the Answering Defendants are an "enterprise" nor an "enterprise engaged in commerce" under the FLSA. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## AS AND FOR A THIRTY-THIRD DEFENSE

168.    At no point was Plaintiff "engaged in commerce or in the production of goods for commerce," and, therefore, his claims are not subject to the "individual coverage" provisions of the FLSA.

## AS AND FOR A THIRTY-FOURTH DEFENSE

169.    D. Diallo is not liable under the FLSA or NYLL because he was not Plaintiff's "employer" pursuant to the FLSA or NYLL.

## AS AND FOR A THIRTY-FIFTH DEFENSE

170.    M. Diallo is not liable under the FLSA or NYLL because she was not Plaintiff's "employer" pursuant to the FLSA or NYLL.

## AS AND FOR A THIRTY-SIXTH DEFENSE

171.    Amodio is not liable under the FLSA or NYLL because she was not Plaintiff's "employer" pursuant to the FLSA or NYLL.

## AS AND FOR A THIRTY-SEVENTH DEFENSE

172.    Diallo Funds is not an "employer" within the meaning of the FLSA or NYLL.

## AS AND FOR A THIRTY-EIGHTH DEFENSE

173.    Diallo Group is not an "employer" within the meaning of the FLSA or NYLL.

## AS AND FOR A THIRTY-NINTH DEFENSE

174.    Diallo Enterprises is not an "employer" within the meaning of the FLSA or NYLL.

## AS AND FOR A FORTIETH DEFENSE

175.    Diallo Williamsburg is not an "employer" within the meaning of the FLSA or NYLL.

## AS AND FOR A FORTY-FIRST DEFENSE

176.    Diallo Organization is not an "employer" within the meaning of the FLSA or NYLL.

## AS AND FOR A FORTY-SECOND DEFENSE

177.    Plaintiff was never an employee of any of the Answering Defendants within the meaning of the FLSA or NYLL.

## AS AND FOR A FORTY-THIRD DEFENSE

178.    To the extent Plaintiff is found to be an employee within the meaning of the NYLL, which is expressly denied, pursuant to NYLL § 198(1-b) and (1-d) and 12 N.Y.C.R.R. § 146-1.3 and 146-2.2, Answering Defendants are not liable for a mere technical violation of those statutes, if applicable, because Answering Defendants made complete and timely payments of all wages due to the Plaintiff during Plaintiff's alleged employment with the Answering Defendants and, as such, Plaintiff suffered no actual injury as a result of any alleged failure by Answering Defendants to give Plaintiff the required notices thereunder.

## AS AND FOR A FORTY-FOURTH DEFENSE

179.    To the extent Plaintiff is found to be an employee under the FLSA or NYLL, which is expressly denied, Plaintiff has voluntarily or involuntarily waived his rights, to the extent he had such rights, to sue for back wages.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

### AS AND FOR A FORTY-FIFTH DEFENSE

180.     To the extent Plaintiff is found to be an employee under the FLSA or NYLL, which is expressly denied, at all relevant times hereto, Plaintiff's compensation has been in accordance with each and every provision of the FLSA and NYLL. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

### AS AND FOR A FORTY-SIXTH DEFENSE

181.     To the extent Plaintiff is found to be an employee under the FLSA or NYLL, which is expressly denied, Plaintiff's claims are barred, in whole or part, because Answering Defendants exercised reasonable care to prevent and correct promptly any alleged violations of the statutes under which Plaintiff has asserted one or more claim(s).  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

### AS AND FOR A FORTY-SEVENTH DEFENSE

182.     To the extent Plaintiff is found to be an employee under the FLSA or NYLL, which is expressly denied, Plaintiff's claims are barred, in whole or part, because Plaintiff unreasonably failed to take advantage of Answering Defendants' preventive or corrective opportunities or to avoid harm.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

### AS AND FOR A FORTY-EIGHTH DEFENSE

183.     Plaintiff has not suffered any legally cognizable damages.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

### AS AND FOR A FORTY-NINTH DEFENSE

184.     Answering Defendants affirmatively and specifically pleads each and every defense, limitation, and immunity provided under either the FLSA or NYLL.

## <u>AS AND FOR A FIFTIETH DEFENSE</u>

185.    In addition to the foregoing defenses, Answering Defendants retain the right to amend their Answer, to raise additional affirmative and other defenses, or to pursue any available counterclaims against Plaintiff or any putative collective action member who joins this action as those claims become known during litigation.

**WHEREFORE**, Answering Defendants demand judgment dismissing the Complaint in its entirety with prejudice, and granting such other and further relief, including attorneys' fees and costs that this Court deems just and proper.

Dated: New York, New York
            February 2, 2022

Respectfully submitted,

GORDON REES SCULLY
MANSUKHANI  LLP

By: */s/ Francis J. Giambalvo*
Mercedes Colwin, Esq.
Francis J. Giambalvo, Esq.
Nicola Ciliotta, Esq.
1 Battery Park Plaza, 28th Floor
New York, NY 10004
Telephone: (212) 269-5500
Facsimile:   (212) 269-5505
mcolwin@grsm.com
fgiambalvo@grsm.com
nciliotta@grsm.com
*Attorneys for Answering Defendants*

cc:      All Counsel of Record (*via ECF*)